■ NEW YORK CITY HOUSING AUTHORITY, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY, Appellant, et al., Defendant. [705 NYS2d 45] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 9, 1998, which, upon the parties' respective motions for summary judgment, declared that defendant-appellant is obligated to indemnify plaintiff for all sums paid to settle an underlying action for personal injuries, unanimously affirmed, with costs.

Since a copy of the subject insurance policy, which was issued to plaintiff's elevator service contractor as the primary insured, was provided to plaintiff only after it had made its first motion for summary judgment, its second motion for summary judgement was based on what was effectively newly discovered evidence, and, as such, was not an impermissible multiple motion (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, at 328). On the merits, it is clear that the elevator service contractor, before commencing work on plaintiff's property, had contracted with

plaintiff to procure comprehensive liability insurance naming plaintiff as an additional insured. The fact that the insurance was denominated in the contract as owner's liability insurance rather than comprehensive liability insurance does not bring into question the parties' clear intent that plaintiff be provided with insurance protecting it "against liability claims for bodily injury * * * arising from the operations of the Contractor and his subcontractors". It is therefore evident that plaintiff is an additional insured under Endorsement J of the policy, which includes as an insured any person or organization with whom the elevator contractor had contracted "to provide insurance such as is afforded under this policy * * * with respect to [the contractor's] * * * work". Defendant's argument to the contrary, based entirely on the nomenclature of the service contract concerning procurement of insurance rather than on that contract's description of the risks to be covered, is disingenuous. Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.